

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01010-CV

**IN RE BAJA FREIGHT, LTD.** and Omar Olvera

Original Mandamus Proceeding[1]

Opinion by:     Beth Watkins, Justice

Sitting:     Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: December 13, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED AS MOOT

In this original proceeding, relators Baja Freight, Ltd. and Omar Olvera challenge a trial court order denying their request to take pre-suit depositions of real parties in interest Juan Guzman and Heriberto Navarro before Guzman and Navarro undergo surgery. For the reasons explained below, we dismiss Baja and Olvera's petition for writ of mandamus as moot.

## BACKGROUND

The underlying dispute arises out of a collision that occurred on October 3, 2022. On November 14, 2023, Baja and Olvera filed a petition in the trial court that sought to take pre-suit depositions of Guzman and Navarro "to investigate potential claims" related to the collision pursuant to Texas Rule of Civil Procedure 202. *See generally* TEX. R. CIV. P. 202.1–202.5. Baja

---

[1] This proceeding arises out of Cause No. 2023CVK001858D3, styled *In re Baja Freight Ltd. and Omar Olvera*, pending in the 341st Judicial District Court, Webb County, Texas, the Honorable Rebecca Ramirez Palomo presiding.

and Olvera also sought "to maintain the status quo of evidence until the depositions are taken." To that end, they asked the trial court to issue an order "prohibiting [Guzman and Navarro] from undergoing surgery prior to their depositions and/or independent medical examinations." At that time, Baja and Olvera believed Guzman and Navarro had not yet filed a lawsuit against them.

On November 15, 2023, the trial court signed an order that granted Baja and Olvera's requested relief and: (1) ordered Guzman and Navarro to appear for in-person depositions on November 28, 2023; and (2) prohibited them from undergoing surgery "until ten (10) days after their respective depositions are complete." On November 16, 2023, the trial court issued a new order "find[ing] that the Petition to take pre-suit depositions should be granted in part and denied in part." The November 16 order directed Guzman and Navarro to appear for depositions in January of 2024, but it denied all further relief sought by Baja and Olvera. The November 16 order also explicitly set aside the November 15 order, thus denying Baja and Olvera's request "to maintain the status quo[.]"

In this original proceeding, Baja and Olvera challenge the trial court's November 16 order. In their petition for writ of mandamus, they argue the trial court abused its discretion by setting aside the November 15 order and that they lack an adequate appellate remedy from that ruling. In a previously filed motion for emergency stay, they represent that both Guzman and Navarro were scheduled for surgery on November 17, 2023, and they argue that allowing these surgeries to go forward before the resolution of this mandamus proceeding would "destroy[] the whole purpose of the Rule 202 depositions in the first place, i.e., to discover [the real parties'] *pre-surgery* conditions." On November 17, 2023, we ordered the parties to file a written response indicating whether Guzman and Navarro had undergone the surgeries at issue.

On November 19, 2023, Guzman and Navarro filed a response explaining that Navarro underwent surgery on November 17, 2023, but Guzman did not. On November 20, 2023, Guzman

and Navarro filed a motion to dismiss this mandamus proceeding for want of jurisdiction. In their motion to dismiss, they argue that they filed a personal injury lawsuit against Baja and Olvera on November 15, 2023 and, as a result, Baja and Olvera's request for pre-suit depositions is moot. The motion to dismiss includes a file-stamped copy of Guzman and Navarro's original petition in the personal injury lawsuit.

Baja and Olvera filed a response to the motion to dismiss in which they "agree that—in general—the filing of a lawsuit moots a Rule 202 pre-suit proceeding involving the same parties to the lawsuit and dismissal is usually proper." They argue, however, that because Guzman did not undergo surgery on November 17, 2023, "[t]he surgical question that is at the heart of the Rule 202 motion 'is fully capable of repetition,'" so their request to depose Guzman before that surgery is not moot. They also characterize Guzman and Navarro's actions as an "attempt to thwart [Baja and Olvera's] attempted discovery." On November 26, 2023, Guzman and Navarro filed a reply in support of their motion to dismiss. The reply notes that on November 20, 2023, Baja and Olvera removed the personal injury lawsuit to federal court. On November 27, 2023, Baja and Olvera filed a "Brief on Effect of Removal," in which they argue that the removal of the personal injury lawsuit did not automatically stay this mandamus proceeding regarding the Rule 202 dispute.

### *Standard of Review and Applicable Law*

We lack jurisdiction to resolve moot controversies. *See, e.g.*, *Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022); *Baylor Coll. of Med. v. Yeo*, No. 01-22-00210-CV, 2022 WL 3363943, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) (mem. op.) (per curiam). A proceeding becomes moot "if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

"Rule of Civil Procedure 202 provides a tool for preliminary investigations of 'potential' or 'anticipated' claims." *In re Estate of Tobolowsky*, No. 05-19-00073-CV, 2020 WL 6143676, at *2 (Tex. App.—Dallas Oct. 20, 2020, no pet.) (mem. op.); *see also* TEX. R. CIV. P. 202.1–202.5. "[T]he filing of a lawsuit moots the rule 202 pre-suit proceeding involving the parties to the lawsuit[.]" *Yeo*, 2022 WL 3363943, at *1; *Tex. Lottery Comm'n v. Willis*, No. 03-10-00330-CV, 2011 WL 2652132, at *1 (Tex. App.—Austin July 6, 2011, no pet.) (mem. op.) (per curiam).

### *Application*

As noted above, Baja and Olvera agree that the filing of a lawsuit generally moots a request for relief under Rule 202. As support for their position that this general rule does not apply here, they cite to *In re Contract Freighters, Inc.*, 646 S.W.3d 810 (Tex. 2022) (orig. proceeding) (per curiam), *In re Allied Chemical Corp.*, 227 S.W.3d 652 (Tex. 2007) (orig. proceeding), and *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding), *mand. granted sub nom. by In re Brown*, 653 S.W.3d 721 (Tex. 2022) (orig. proceeding) (per curiam).

Baja and Olvera's cited authority is inapposite. *In re Contract Freighters* and *In re FedEx Ground Package Systems* considered whether a party's voluntary withdrawal of ordinary pre-trial—not pre-suit—discovery requests mooted petitions seeking mandamus review of orders compelling or denying the requested discovery. *See In re Contract Freighters*, 646 S.W.3d at 812–14; *In re FedEx Ground Package*, 609 S.W.3d at 155–59. *In re Allied Chemical Corp.* revolved around whether a trial court's withdrawal of a consolidation order in a mass tort case mooted a mandamus challenge to a related discovery issue. *See In re Allied Chem. Corp.*, 227 S.W.3d at 654–55. In all three cases, the reviewing courts concluded the mandamus proceedings were not moot because the withdrawal of the discovery requests and/or orders did not preclude the issues raised in those proceedings from arising again. *See In re Contract Freighters*, 646 S.W.3d at 813–

- 4 -

14; *In re Allied Chem. Corp.*, 227 S.W.3d at 655; *In re FedEx Ground Package*, 609 S.W.3d at 159.

Unlike the pre-trial discovery disputes at issue in Baja and Olvera's cited authority, the Rule 202 dispute in this case does not present a situation that is capable of repetition. Because Guzman and Navarro have now filed a personal injury lawsuit against Baja and Olvera in connection with the October 3, 2022 collision, these parties are no longer in a "pre-suit" position with regard to that incident. Moreover, because Baja and Olvera have now removed the personal injury lawsuit to federal court, Texas's discovery laws—pre-suit or otherwise—will not apply to that lawsuit unless the case is remanded to state court. *See Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001) ("As a general rule, discovery is a procedural matter governed in federal court by the Federal Rules of Civil Procedure and not by state discovery practice."). Baja and Olvera have not cited any provision of Rule 202 or any other authority to support a conclusion that their request for relief under Rule 202 remained a live controversy after Guzman and Navarro filed their personal injury lawsuit and/or after Baja and Olvera removed that lawsuit to federal court, and we have found none. *See, e.g.*, *Yeo*, 2022 WL 3363943, at *1.

For these reasons, we conclude the question of whether Baja and Olvera were entitled to pre-suit discovery or other relief under Rule 202 no longer presents a live controversy. *See id.* Consequently, we must dismiss Baja and Olvera's petition for writ of mandamus as moot. *See, e.g.*, *Heckman*, 369 S.W.3d at 162.

## CONCLUSION

We dismiss this original proceeding as moot. We deny all pending motions as moot.

Beth Watkins, Justice